UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.                                    No. 02-4568

WILLIAM D. COGER, JR.,
    *Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of West Virginia, at Clarksburg.
Irene M. Keeley, Chief District Judge.
(CR-01-40)

Submitted: December 17, 2002

Decided: January 22, 2003

Before MOTZ and GREGORY, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Matthew A. Victor, VICTOR, VICTOR & HELGOE, L.L.P.,
Charleston, West Virginia, for Appellant. Thomas E. Johnston,
United States Attorney, Zelda E. Wesley, Assistant United States
Attorney, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

William D. Coger appeals from his conviction and forty-one month sentence for using his employment as a correctional officer to extort money and other favors from prison inmates, in violation of 18 U.S.C. § 872 (2000).

Coger argues the district court erred in granting the Government's motion in limine to prevent him from using the entrapment defense. The district court's refusal to give an entrapment instruction is a legal issue reviewed de novo. *United States v. Phan*, 121 F.3d 149, 154 (4th Cir. 1997). Entrapment is an affirmative defense that has two elements: (1) government inducement and (2) lack of predisposition by the defendant to commit the crime. *United States v. Sligh*, 142 F.3d 761, 762 (4th Cir. 1998). The defendant must first produce some evidence, "more than a scintilla," that the government induced him to commit the crime. *Id.* (quoting *United States v. Daniel*, 3 F.3d 775, 778 (4th Cir. 1993)). "'Inducement' . . . involves elements of government overreaching and conduct sufficiently excessive to implant a criminal design in the mind of an otherwise innocent party. Solicitation, by contrast, is the provision of an opportunity to commit a criminal act." *Daniel*, 3 F.3d at 778.

Coger contends he demonstrated inducement through audio tapes that would support an entrapment defense at trial. However, Coger does not cite a single instance in the record where the Government attempted to entrap him. Thus, he has not met his burden of demonstrating that the district court erred in denying him the use of the entrapment defense.

Under *U.S. Sentencing Guidelines Manual* § 3C1.1 (2000), a defendant's base offense level will be increased two levels if he willfully obstructed or impeded, or attempted to obstruct or impede, the admin-

istration of justice during the course of the investigation, prosecution, or sentencing of the instant offense. USSG § 3C1.1, comment. (n.2). Producing or attempting to produce false, altered, or counterfeit documents or records during an official investigation or judicial proceeding qualifies as obstructive conduct. USSG § 3C1.1, comment. (n. 4(c)). In the district court, Coger argued that he did not obstruct justice because the documents were not submitted at trial. Based on this colloquy, however, there is sufficient evidence to show Coger presented false documents to his counsel, seeking to obstruct justice. Hence, it was not clearly erroneous for the court to enhance Coger's offense level for obstruction of justice. *See United States v. Puckett*, 61 F.3d 1092, 1095 (4th Cir. 1995).

Coger argues that because he was acquitted of Count 4, he should not be sentenced for that conduct and given a six-level adjustment for extortion based on the $90,104 figure. As Coger did not raise this argument below, we review for plain error. Fed. R. Crim. P. 52(b). To establish plain error, (1) there must be an error; (2) the error must be plain; and (3) the error must affect substantial rights. The Court may then exercise its discretion to notice the error only if the error would seriously affect the fairness, integrity, or public reputation of judicial proceedings. *United States v. Olano*, 507 U.S. 725, 732 (1993) (citations omitted).

USSG § 1B1.3(a)(2) requires the court to consider all such conduct done in connection with any larger course of criminal conduct of which the offense of conviction was a part. Coger argues that allowing acquitted conduct to be considered during sentencing would violate due process. However, courts can consider acquitted conduct, so long as the conduct is proven by a preponderance of the evidence. *United States v. Watts*, 519 U.S. 148 (1997); *United States v. Carter*, 300 F.3d 415, 432 (4th Cir. 2002). Coger looks to *Apprendi v. New Jersey*, 530 U.S. 466 (2000), arguing that his Fifth and Sixth Amendment rights have been violated because he was imprisoned on the basis of acquitted conduct. However, *Apprendi* is not implicated here, as the increased sentence Coger received based on acquitted conduct did not exceed the statutory maximum for the underlying offense of extortion. *See United States v. Kinter*, 235 F.3d 192, 201 (4th Cir. 2000).

Therefore we affirm Coger's conviction and sentence. We dispense with oral argument because the facts and legal contentions have been adequately presented in the materials before the court.

*AFFIRMED*